UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHIRLEY ZACHERY,

                            Plaintiff,                      **MEMORANDUM AND ORDER**

                        - against -                      14-cv-1645 (SLT)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                            Defendant.
----------------------------------------------------------X

**TOWNES, United States District Judge,**

      Plaintiff Shirley Zachery ("Plaintiff"), proceeding *pro se*, commenced this action on March 12, 2014 seeking judicial review pursuant to 42 U.S.C. § 405(g) of a decision of an Administrative Law Judge denying her request for a waiver of overpayment recovery. Currently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed below, the case is dismissed.

    I.    **BACKGROUND**

    **A. Facts**

      The following facts are undisputed. Plaintiff first filed for Disability Insurance Benefits in November 2003, and was subsequently found disabled and awarded benefits retroactively beginning in May 2003. (Declaration of Roxie Rasey Nicoll ("Nicoll Decl."), Doc 21-1, Jan. 30, 2015, ¶ 3(a), Ex. 1.) In December 2006, the Social Security Administration determined Plaintiff had received an overpayment of benefits for the period of January 2005 through November 2006 because Plaintiff had been working. (*Id.* at ¶ 3(b), Ex. 2.) Plaintiff requested a waiver of recovery of the overpayment, which was denied. (*Id.*) Plaintiff next requested a hearing before

an Administrative Law Judge ("ALJ") to review the denial of the waiver. Following a hearing at which Plaintiff failed to appear, the ALJ issued an unfavorable decision on May 20, 2008, denying a waiver of recovery for the overpayment. (*Id.*, ¶3(c), Ex. 3.) Plaintiff appealed the ALJ's decision to the Appeals Council, which remanded the case for further proceedings. (*Id.*, ¶ 3(d), Ex. 4.) A new ALJ conducted a second hearing at which Plaintiff appeared and issued another unfavorable decision on July 12, 2011, denying a waiver of recovery for the overpayment. (*Id.*, ¶ 3(e), Ex. 5.) Plaintiff appealed this second decision to the Appeals Council, which again remanded the case for further proceedings. (*Id.*, ¶ 3(f), Ex. 6.) Following a third hearing at which Plaintiff appeared and testified, a third ALJ issued a third unfavorable decision on February 14, 2014, affirming the overpayment, clarifying the amount of the overpayment, and denying a waiver of recovery for the overpayment. (*Id.*, ¶ 3(g), Ex. 7.) The third decision, like the two previous, informed Plaintiff of her right to appeal the decision to the Appeals Council. (*Id.*, at Exs. 3, 5, 7.) All three ALJ decisions also informed Plaintiff: "[i]f you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final . . . You will not have the right to Federal court review." (*Id.*)

## B. Procedural History

On March 12, 2014, Plaintiff commenced this action seeking review of the February 14, 2014 ALJ decision. Defendant Commissioner of Social Security ("Defendant") moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, specifically, that Plaintiff failed to administratively exhaust her claim. (Mem. of Law in Supp. Of Def.'s Mot. To Dismiss, Nov. 10, 2014, Doc. 21, at 3-5.) Along with her motion, Defendant served Plaintiff with a Notice Pursuant to Local Rules 12.1 and 56.2 (the "Notice"), informing Plaintiff that the Court may treat Defendant's Motion to Dismiss as one for summary judgment

pursuant to Fed. R. Civ. P. 56. (Decl. of Service, Nov. 10, 2014, Doc. 20-1; Notice Pursuant to Local Rules 12.1 and 56.2, Nov. 10, 2014, Doc. 21-2.) The Notice clearly explains that judgment may be entered in Defendant's favor without a trial if Plaintiff fails to respond to the motion "with affidavits or documentary evidence contradicting the facts asserted by Defendant." (Notice, Doc. 21-2, at 1-2.) The Notice directs Plaintiff to contact the Pro Se Office with any questions and attaches the text of both Fed. R. Civ. P. 12 and 56. (*Id.*)

Plaintiff responded and submitted her Affidavit/Affirmation In Opposition to Defendant's Motion, which attached a narrative letter and documentary evidence from the record of her disability claim. (Pl.'s Aff./Affirm. in Opp'n to Def.'s Mot, Jan. 5, 2015, Doc. 19.) Plaintiff's letter evinces confusion and distress over her situation and repeats her request for a review of her "case," but does not deny that she failed to properly appeal the Feb. 14, 2014 ALJ decision to the Appeals Council, or otherwise address the exhaustion of her administrative remedies. (*Id.*)

## II. DISCUSSION

### A. Subject Matter Jurisdiction

42 U.S.C. 405(g) permits district court review of "any final decision of the Commissioner of Social Security made after a hearing". There are two components to a "final decision": "(1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011). A claimant must advance through four steps to administratively exhaust her claims. 1) initial determination; 2) reconsideration; 3) hearing before an ALJ; and 4) Appeals Council review. *See* 20 C.F.R. § 404.900(a) 2015.

The exhaustion requirement may be waived by the Commissioner, or by the district court in special circumstances. Although "exhaustion is the rule, waiver the exception," the Court may excuse failure to exhaust where certain factors are met, including where: (1) "the claim is collateral to a demand for benefits"; (2) "exhaustion would be futile"; or (3) "plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (*citing Bowen v. City of New York*, 476 U.S. 467, 483 (1986) and *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976)) (internal citations and quotation marks omitted). The decision whether to waive exhaustion should not be made by mechanical application of these factors, but "should also be guided by the policies underlying the exhaustion requirement." *Bowen v. City of New York*, 476 U.S. 467, 484 (1986). These policies include "preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Id.* (*quoting Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

Because "the failure to exhaust is a waivable (i.e., non-jurisdictional) requirement under Section 405(g)," dismissal for failure to exhaust may not be appropriate on a Rule 12(b)(1) motion. *Escalera*, 457 F. App'x at 6 n. 1; *Humber v. Comm'r of Soc. Sec.*, No. 14 CIV. 5520 (JCF), 2015 WL 3609188, at *1 (S.D.N.Y. June 4, 2015); *Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 49 (D.D.C. 2011) *aff'd*, No. 11-5132, 2011 WL 6759544 (D.C. Cir. Dec. 2, 2011) ("A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is inappropriate where a defendant claims that a plaintiff failed to comply with only the non-jurisdictional exhaustion requirement."). Nevertheless, where a claimant has "'unequivocal' notice that the Commissioner's motion might be treated as one for summary judgment and of the nature and

consequences of summary judgment, as well as an opportunity to present opposing evidence (of which he took advantage)," the motion may be decided as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *Escalera*, 457 F. App'x at 7, n. 1.[1]

### B. Motion for Summary Judgment Pursuant to FRCP 56

Failure to exhaust administrative remedies is the sole ground on which Defendant moves to dismiss Plaintiff's claims. Because failure to exhaust is a non-jurisdictional ground for dismissal, the Court construes the motion as one brought under Fed. R. Civ. P. 12(b)(6). Further, because both parties have submitted evidence outside the pleadings, the Court will convert the motion to dismiss to one for summary judgment pursuant to Fed. R. Civ. P. 56 and 12(d). Fed. R. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). This is appropriate because Plaintiff received explicit and unequivocal notice of the possibility and consequences of such a conversion in the Notice, and availed herself of the opportunity to present opposing evidence in affidavit and documentary form. *Escalera*, 457 F. App'x at 7, n. 1.

Under Rule 56, summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

---

[1] Some courts in this Circuit will entertain a Fed. R. Civ. P. 12(b)(1) motion to dismiss on non-exhaustion grounds. *See Steadman v. Colvin*, No. 14-CV-7495 (VEC) (DCF), 2015 WL 4393022, at *1 (S.D.N.Y. July 14, 2015)(Order adopting Magistrate's recommendation to dismiss pursuant to Rule 12(b)(1) for failure to exhaust); *Koegel v. Colvin*, No. 5:12-CV-1082 (MAD) (TWD), 2014 WL 5323951, at *2 (N.D.N.Y. Oct. 17, 2014)(same); *Judge v. Colvin*, No. 12-CV-02633 (JS), 2014 WL 4385420, at *3 (E.D.N.Y. Sept. 3, 2014)(granting Rule 12(b)(1) motion to dismiss for failure to exhaust because Appeals Council had not yet rendered its decision at time of filing.); *Moore v. Comm'r of Soc. Sec.*, No. 13-CV-1867 (DLI), 2014 WL 3585734, at *3 (E.D.N.Y. July 21, 2014)(dismissing claim under Rule 12(b)(1) for failure to exhaust where claimant sought immediate review of ALJ decision in district court before seeking Appeals Council review.) Whichever the approach, the outcome of this motion is the same.

P. 56(a); *see Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant meets this burden, "the non-movant must set forth specific facts showing that there is a genuine issue for trial." *See Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (internal quotations and citation omitted). The non-movant cannot avoid summary judgment "through mere speculation or conjecture" or "by vaguely asserting the existence of some unspecified disputed material facts." *Id.* at 121 (internal quotations and citations omitted). Moreover, the disputed facts must be material to the issue in the case, in that they "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When evaluating a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "No genuine issue exists if, on the basis of all the pleadings, affidavits and other papers on file, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, it appears that the evidence supporting the non-movant's case is so scant that a rational jury could not find in its favor." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

Additionally, submissions by *pro se* litigants are accorded liberal construction. *Smith v. Levine*, 510 F. App'x 17, 20 (2d Cir. 2013) (summary order) (*quoting Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Generally, this means that *pro se* submissions are interpreted to raise the strongest arguments they suggest. *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014).

### C. Failure to Exhaust and Waiver

It is undisputed that Plaintiff failed to exhaust her administrative remedies. Instead of appealing the Feb. 14, 2014 ALJ decision to the Appeals Council, Plaintiff filed the complaint in this Court. Plaintiff offers no explanation or excuse for failing to make the appropriate appeal. Rather, in opposition to Defendant's motion, Plaintiff argues the merits of her claim – setting forth her understanding of the facts behind her current situation, and her belief that the overpayment is being unfairly levied against her. Under the circumstances, none of the factors that would permit the Court to waive the statutory exhaustion requirement are met.

First, Plaintiff's request that the Court review the ALJ's decision upholding the overpayment and declining to waive recovery of the overpayment is not collateral to Plaintiff's demand for benefits. This is not a case, for example, where the claimant challenges the constitutionality of the procedures that led to a denial of claims. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976) (Plaintiff's constitutional challenge held "entirely collateral to his substantive claim of entitlement."). Plaintiff's claim here goes to the heart of her request for benefits. The origin of the overpayment is periods during which Plaintiff was simultaneously working and receiving benefits. As a result, Plaintiff was retroactively found ineligible for benefits during those periods. Because Plaintiff seeks review of the decision upholding the overpayment and denying a waiver of recovery of the overpayment, Plaintiff's claims involve a determination by the Court directly affecting Plaintiff's entitlement to benefits. *Werekoh v. Comm'r of Soc. Sec.*, No. 12-CV 6954 (GWG), 2013 WL 4407063, at *5 (S.D.N.Y. Aug. 19, 2013) (claim for relief from overpayment not collateral to request for benefits).

Second, there is nothing here to indicate that exhaustion would be futile. Plaintiff twice appealed unfavorable ALJ decisions and was granted relief by the Appeals Council both times,

with written decisions carefully identifying the errors made by the first two ALJ's. (Nicoll Decl., ¶ 3(d), Ex. 4 and 6.) The administrative process was clearly working for Plaintiff who, it is noted, had no trouble understanding the information provided about her appeal rights and navigating the review process before filing in this Court.

Third, Plaintiff will not suffer irreparable harm if required to exhaust. Plaintiff asserts that she is sicker than ever and has trouble keeping up with her bills. However, Plaintiff's disability payments have been reinstated, with only a small portion (less than 15%) withheld from each check for recovery of the overpayment since September 2011. (*see* Pl.'s Aff./Affirm. in Opp'n to Def.'s Mot, Jan. 5, 2015, Doc. 19; Nicoll Decl., Ex. 7, at 13.) The Court sympathizes with Plaintiff's financial difficulties, but does not find that they rise to the level of "irreparable harm," especially since Plaintiff is receiving the vast proportion of her disability check each month. *See City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984) *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986) (affirming finding of irreparable harm because Plaintiffs could not be made whole by retroactive benefits and because exhausting administrative remedies "would likely trigger a sever medical setback") (internal quotations and citations omitted); *Abbey v. Sullivan*, 978 F.2d 37, 46 (2d Cir. 1992) ("if the delay attending exhaustion would subject claimants to deteriorating health, because the Secretary has *altogether* denied them benefits, then waiver may be appropriate.") (emphasis added).

Last, the policies underlying the exhaustion requirement do not support waiving the exhaustion requirement in this case. Plaintiff's claim raises only questions regarding the application of agency regulations that are uniquely within the agency's expertise. The agency has twice corrected errors made by its ALJ's in this case and there is no ground for judicial

intervention before the agency is even afforded a chance to correct errors in the Feb. 14, 2014 ALJ decision, if any.

Therefore, there are no material issues of disputed fact and Defendant is entitled to judgment as a matter of law. By seeking review of the Feb. 14, 2014 ALJ decision in this Court instead of appealing the decision to the Appeals Council, Plaintiff failed to exhaust her administrative remedies. Further, none of the above factors weigh in favor of waiving Plaintiff's exhaustion requirement.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 20) is hereby GRANTED pursuant to Fed. R. Civ. P. 12(d) and 56(a). The case is dismissed without prejudice.

**SO ORDERED**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: September 29, 2015
Brooklyn, New York

9